**A. G. Goldsmith, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.**

### Gen. No. 17,854.

1. RAILROADS—*imputed negligence.* In an action for the destruction of personal property struck by defendant's engine, the negligence of a teamster, an independent contractor engaged in hauling the property, is not chargeable against plaintiff with whom he is under contract.

2. RAILROADS—*negligence at crossings.* The question of whether defendant railroad was guilty of negligence in crossing a country road at a high rate of speed without giving an effective warning is for the jury.

3. RAILROADS—*negligence.* In an action for personal property struck and destroyed by defendant's engine, the mere performance of all the statutory duties does not necessarily relieve defendant of negligence.

4. NEGLIGENCE—*concurrent.* Where an injury is the result of the negligence of defendant and a third person, the plaintiff may recover if the negligence of the defendant is an efficient cause of the injury.

5. RAILROADS—*concurrent negligence.* Where plaintiff's goods, while being hauled by an independent contractor, are destroyed by defendant's engine, and the contractor and defendant are both negligent, yet defendant's negligence contributed directly to the accident, plaintiff is entitled to recover.

Appeal from the Superior Court of Cook county; the HON. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 14, 1913.

O. W. DYNES and C. S. JEFFERSON, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee; WALTER BACHRACH and E. DORSEY WALLACE, of counsel.

Goldsmith v. C., M. & St. P. R. Co., 176 Ill. App. 336.

Mr. Justice F. A. Smith delivered the opinion of the court.

A. G. Goldsmith, appellee, brought an action against the Chicago, Milwaukee & St. Paul Railway Company, appellant, to recover damages for the destruction of certain personal property. The trial resulted in a verdict and judgment for appellee, plaintiff, in the sum of $750.

Appellee had been living in Crystal Lake, Illinois, and was desirous of moving his household furniture and effects from that place to Wheaton. For this purpose he engaged Hiram B. Rice, the owner of a team of horses and wagon, to haul his goods for twenty-five dollars. On the 29th day of September, 1908, Rice loaded his wagon with the goods and effects of appellee and left Crystal Lake about five o'clock P. M. on that day for Wheaton. While Rice was crossing the tracks of appellant at a point where the highway, known as Wilcox Road, crosses the tracks, he together with his horses, wagon and contents thereof, was struck by one of appellant's trains, and Rice and the horses were killed and the wagon and its contents were demolished. Wilcox Road at the crossing approaches appellant's railroad diagonally, and before reaching the crossing runs south of the tracks in a direction nearly parallel to the railroad. In the angle between the highway and the railroad there was at the time of the accident a field of growing corn about twelve feet in height. When the accident occurred the train in question was approaching Chicago from the west and was running at about forty-five miles per hour. Immediately before the crossing the railroad tracks curved sharply to the north, the curve extending to within twenty or twenty-five feet of the crossing. The accident occurred at about nine o'clock, or a few minutes thereafter, in the evening. The night was still, quite dark and no moonlight. There were neither gates, flagmen, signals nor lights at the cross-

ing for the purpose of warning approaching travelers. The engineer and fireman, who were in charge of the locomotive and train in question, had previously on numerous other occasions passed over the same crossing when conditions were the same as they were at the time of the accident. They knew of the presence of the curve west of the highway at the point of the crossing and knew of the presence of the field of standing corn, and of the absence of gates, flagmen, lights and warning signals at the crossing. While rounding the curve the position of the engineer was on the outer side of the curve, the opposite side from that along which Rice had approached, and although the engineer was looking out of the window he could not, because of his position, see the crossing. The curve of the track was such as to prevent him from having any view of the crossing until he was within a few feet of it. Eighty rods west of the crossing and in the direction from which the train was approaching, there was a whistling post and when the locomotive passed this point the fireman was engaged in shoveling coal into the fire box of the locomotive and so remained until up to within a few minutes of the happening of the accident. While shoveling the coal he was forced to bend down so that it was impossible for him to see out of the window of the cab, his fire box being four feet below the level of the window. Immediately prior to the time the wagon was struck the fireman got up on the seat and had just attempted to put his head out of the window when he was struck by flying debris.

The negligence averred in the first count of the declaration is that the appellant by its servants so carelessly, negligently and improperly drove and managed the locomotive engine and train that by and through the negligence and improper conduct of the defendant, by its said servants, the locomotive and train then and there ran and struck with great force and violence upon and against the said horses and

wagon, and the goods and chattels and other property then and there belonging to the plaintiff, whereby the property was injured and destroyed.

The second count charges negligence in that the appellant at a public highway crossing appellant's railroad had no bell of at least thirty pounds weight, or steam whistle placed on said locomotive engine, rung or whistled by the engineer or fireman thereof at the distance of at least eighty rods from the said crossing, and kept ringing and whistling until the said crossing was reached by the said locomotive engine.

It is urged in behalf of appellant that the proximate cause of the accident was the negligence of the wagon driver and not the negligence of the defendant. This point may be considered in connection with the further contention of appellant that the defendant was not guilty of the negligence charged in the plaintiff's declaration. We have read and examined the evidence in the case, and while it does not appear that Rice was free from negligence in attempting to cross the tracks under all the circumstances, it does appear beyond controversy, we think, that Rice was an independent contractor and had undertaken as such to transport the goods of appellee from Crystal Lake to Wheaton in his own way for a specified sum of money; and even though the evidence may tend to show that Rice was guilty of negligence and that his negligence together with that of appellant combined to bring about the accident, this would not affect appellee's right of action against appellant. The negligence of an independent contractor is not chargeable against the person with whom he contracts.

As to the negligence of the appellant or its servants, we think the evidence shows that the train was running at a high rate of speed over the crossing of a country road where, because of growing corn and bushes, the view of the road was obstructed. The testimony also tends to show that no whistle was blown or bell rung far enough away from the crossing to

be effective as a warning, although there is testimony in the case by the engineer and fireman that the whistle was blown immediately before reaching the crossing, when it was too late to be availing. Under these circumstances it was, in our opinion, a question for the jury to determine whether appellant was guilty of negligence. The mere performance of all the statutory duties does not necessarily relieve the appellant of negligence. Indianapolis & St. L. R. Co. v. Stables, 62 Ill. 313; Continental Improvement Co. v. Stead, 95 U. S. 161; Rockford, R. I. & St. L. R. Co. v. Hillmer, 72 Ill. 235; Chicago, B. & Q. R. Co. v. Lee, 87 Ill. 454.

Appellant had no right to operate its train at a high rate of speed under conditions which made that a negligent act so far as persons crossing the tracks are concerned. And as to whether the circumstances are such as to cause the speed at which a train is driven to amount to negligence is a question for the jury under all the evidence, and their verdict will not be set aside upon appeal if there is sufficient credible evidence to support it.

As to the question urged in argument on behalf of appellant that the negligence of the driver, Rice, in driving upon the railroad crossing in front of the approaching train was the proximate cause of the accident and, therefore, that the plaintiff cannot recover because of Rice's negligence,—we are of the opinion that where an injury is the result of the negligence of the defendant and that of a third person the plaintiff may recover if the negligence of the defendant was an efficient cause of the injury. Pullman Palace Car Co. v. Laack, 143 Ill. 242, 261. In this case the negligence of the defendant, appellant, and Rice, which resulted in the injury to the plaintiff's goods and chattels was the negligence of two independent persons, and the negligence of the defendant was an efficient cause of the injury. Rice was not the servant of appellee; he was an independent contractor, as we have held above, and appellee was not chargeable with his negligence.

If the preponderance of the evidence shows, as we think it does, that the servants of the defendant were negligent and that their negligence directly contributed to the accident, the plaintiff, appellee, would be entitled to recover against appellant.

In our opinion, the remarks of counsel for appellee, made in the presence of the jury, do not constitute reversible error. We think the court did not err in refusing to direct a verdict for the defendant, appellant. There was no contention in the pleadings or on the trial that the defendant was guilty of negligence because the speed of forty-five miles an hour was prohibited by law; hence, the refusal of an instruction tendered to the effect that the jury was not at liberty to find a verdict against the defendant on any theory that a speed of forty-five miles an hour was prohibited by law, was proper. In our opinion, the court did not err in its rulings on evidence; nor did it err in overruling defendant's motion in arrest of judgment.

The judgment is affirmed.

*Affirmed.*