FRED YEAGER et al.

v.

THERESA MANNING.

188　275
104a　¹285

*Opinion filed December 18, 1899.*

1. EQUITY—*when objection of adequate remedy at law cannot be urged.* The objection of adequate remedy at law cannot be urged on appeal, when the question was not raised by the pleadings and the case is not foreign to equity jurisdiction.

2. EASEMENTS—*what does not constitute an abandonment of easement.* Abandonment of an easement created by deeds reserving a strip off one end of a lot for an alley, upon the division of the lot between joint owners, cannot be based upon acts of the parties by mutual consent, consisting of the erection of structures which left the alley in a condition to be used as originally intended.

3. SAME—*when easement is assured by covenant running with the land.* The reservation of a strip off the end of a lot for an alley in recorded deeds executed between joint owners when dividing the lot, which strip is to be kept open unless otherwise mutually agreed by the parties, is not a license revocable by one party, but a covenant running with the land and binding upon subsequent grantees, although no reference thereto is made in the *mesne* conveyances.

4. INJUNCTION—*injunction is properly made co-extensive with duration of right claimed.* An injunction restraining the obstruction of an easement of travel is properly made co-extensive with the duration of the easement.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

McGUIRE & SALZENSTEIN, and PALMER, SHUTT, HAMILL & LESTER, for appellants.

MATHER & SNIGG, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree granting an injunction restraining appellants, who were defendants to the bill, from obstructing a private alley. In 1873 Moses LaBonta and Peter Manning owned in fee, as tenants in common, the north forty feet of lot 8, in block 11, old town plat, in the city of Springfield. The lot fronted east on Sixth

street, and had for its northern boundary a public alley. In 1874, by mutual conveyances, they divided the property, each obtaining title in fee, LaBonta to the north twenty feet and Manning to the south twenty feet of said forty feet. Each deed contained the following: "The west ten (10) feet of said tract of land is to be kept open and preserved as an alleyway, unless it is otherwise hereafter determined and agreed upon mutually by and between the said Peter Manning and Moses LaBonta, or their heirs or assigns. The stairway in the building now erected on said tract of land,—that is to say, the locality of the stairway,—is to remain as it is at the present time." While Manning and LaBonta owned, respectively, these separate parts, which they had set off and conveyed to each other, Manning, with the consent of LaBonta, erected a substantial shed, with metal roof, on the south twenty feet of the alleyway, leaving only sufficient space at the rear for a person to pass behind the shed. LaBonta, with the consent of Manning, put up also a gate across the north end of the alleyway at its connection with the public alley. There was a door in the north end of Manning's shed, affording means of egress through the alleyway and gate behind LaBonta's building into the public alley. There was no agreement, other than as above stated, to change or abandon the easement created by the partition deeds. The tenants and occupants of both buildings used the alleyway and gate behind LaBonta's building for access to the public alley, until Yeager, one of the defendants to the bill, tenant of the other defendants, nailed boards across the alleyway at the door in the complainant's shed opening into such alleyway, completely excluding appellee, the owner of the south twenty feet and of the building thereon, from such alleyway, and cutting off from said twenty feet all means of ingress and egress to and from the public alley, and thus injured the value of the property. These facts were found below and are established by the evidence.

No question as to equity jurisdiction was raised by the pleadings, and as the case is not foreign to equity jurisdiction, appellants' contention that there was an adequate remedy at law needs no consideration. *Clemmer* v. *Drovers' Nat. Bank*, 157 Ill. 206.

Appellants contend that the alleyway was obstructed by the owners of the south twenty feet themselves, and that they cannot be heard to complain of its further obstruction by appellants, and that the previous obstructions placed in the alleyway by the mutual consent and agreement of the owners was an abandonment and destruction of the easement. We cannot agree to this view. What was done was by mutual consent, and did not amount to a total obstruction or discontinuance of the alleyway, but left it in a condition to be used for the purposes for which it was originally reserved. So far as appears from the evidence, the gate placed across it at the public alley may have increased its beneficial use in connection with both pieces of property. The shed may have limited its beneficial use somewhat, but did not destroy it. There is no evidence that it was ever mutually agreed, as provided for in the reservation in the deeds, that it should not be kept open and preserved as an alleyway. It was not a mere license revocable by one party alone, but an easement appurtenant to the land, and it passed to the respective grantees of both properties notwithstanding no reference to it was made in the *mesne* conveyances. The covenant was one running with the land. (*Sterling Hydraulic Co.* v. *Williams*, 66 Ill. 393; *Gibson* v. *Holden*, 115 id. 199; *Wiggins Ferry Co.* v. *Ohio and Mississippi Railway Co.* 94 id. 83.) The title to the easement was of record in the chain of title to each of the two pieces of this lot, and every grantee took title with notice of this burden, and is bound by it until relieved therefrom in accordance with the terms of its creation, or other lawful way.

Objection is made because the decree makes the injunction perpetual; but as was said in *City of Quincy* v. *Bull*, 106 Ill. 337, "the decree must be considered with reference to the claim of right which is made," and, of course, should be co-extensive with the duration of the easement.

The decree will be affirmed.          *Decree affirmed.*