(No. 13436.—Decree affirmed.)

Lucia T. Waller, Appellee, *vs.* Clara Hildebrecht, Appellant.

*Opinion filed October 23, 1920—Rehearing denied Dec. 10, 1920.*

1. Easements—*only the owner of land can create easement by deed.* No one but the owner of land can create an easement over it by the making of a warranty deed.

2. Same—*construction of deeds creating easements.* In construing deeds purporting to create easements courts will look to the circumstances attending the transaction, the situation of the parties, the state of the thing granted and the object to be attained, to ascertain and give effect to the intention of the parties.

3. Same—*when deed creating easement does not pass the fee.* Where a particular or special right or easement in land is conveyed which may co-exist and be enjoyed and used by the grantee consistently with the ownership of the fee in the grantor the fee does not pass, as it is not essential to the right or interest which is described in the deed.

4. Same—*appurtenant easement is attached to the dominant estate.* As an appurtenant easement is an incorporeal right which is

attached to some superior right, it must be attached to the dominant estate; and this can be done only by the same person taking title to both the dominant estate and the easement claimed.

5. SAME—*when right of way is in gross and not appurtenant.* A deed conveying a right of way over a certain portion of the grantor's lot does not create an easement appurtenant to the adjacent lot where neither the grantee nor the grantor owns the adjacent lot, but the conveyance in such case is only of a right of way in gross and personal to the grantee, as there can be no easement where there is no dominant estate.

6. SAME—*right of way personal to grantee cannot be assigned.* An easement of right of way which is in gross or personal to the grantee cannot be assigned by him nor conveyed by his joining in a conveyance to a third person by his wife, who owns the lot adjacent to that over which the right of way was granted.

7. SAME—*what necessary to establish private way by prescription.* To establish an easement in the land of another for a right of way to and from adjoining property requires proof of the existence of the same elements that must be proved to establish a public highway by prescription over private property, and the use must be adverse, uninterrupted, exclusive, continuous and under a claim of right.

8. SAME—*use of vacant property is presumed to be by permission.* The use of vacant, uninclosed and unoccupied land is presumed to be by permission and not adverse.

9. SAME—*right of way by prescription cannot be based on permissive use.* A mere permissive use or use without objection or hindrance is not adverse and never ripens into a prescriptive right, but the use must appear to have been enjoyed under such circumstances as to indicate that it was claimed as a right and was not regarded by the parties as a mere privilege or license, revocable at the pleasure of the owner of the soil.

10. CLOUD ON TITLE—*party pleading right of way by prescription has burden of proof.* Although the law presumes an easement when facts are shown which admit of the presumption, the burden, in the first instance, of establishing a right of way by prescription as a defense to an action to clear title, where the ownership of the land traversed is conceded to be in the complainant, rests on the party pleading the prescriptive right.

11. APPEALS AND ERRORS—*the Supreme Court does not try issues presented for first time.* A complainant in a chancery suit cannot make one case by his bill in the lower court and having failed there urge a different case on appeal, as the Supreme Court reviews the case presented to the trial court and does not sit to try issues presented for the first time.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

ROSENTHAL, KURZ & HOULIHAN, (JAMES ROSENTHAL, FRANCIS J. HOULIHAN, and EDWARD R. TIEDEBOHL, of counsel,) for appellant.

· HARPER E. OSBORN, (HART E. BAKER, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is prosecuted to review a decree of the circuit court of Cook county finding Lucia T. Waller, appellee, to be the owner of lot 6 in Butler's subdivision of the northeast corner of block 53 of Kinzie's addition to Chicago, free and clear of any easement of a right of way over the south ten feet of said lot and free and clear of any right or interest of Clara Hildebrecht, appellant, owner of lot 7 in said addition, and confirming and quieting the title in appellee.

On and prior to May 1, 1876, Andrew Michels was the owner of said lot 6 and Mary A. Grus was the owner of said lot 7. These lots each had a frontage of twenty feet on the south side of East Chicago avenue and· extended back ninety feet to a ten-foot alley in the rear, lot 7 adjoining lot 6 on the west. May 1, 1876, Andrew Michels and wife executed a warranty deed conveying for a stated consideration of `$2000 the east ten feet of lot 7 and the south ten feet of lot 6 to William Grus, husband of Mary A. Grus, "to be used as alley, only, in common by both parties hereto." Mary A. Grus and William Grus, her husband, conveyed lot 7 to George Hildebrecht, father of appellant, and by *mesne* conveyances appellant became and was at the commencement of this suit the owner in fee simple of all of

lot 7. All the successive grantors of lot 7, after describing the lot, included in their warranty deeds "also the south ten feet of lot 6 in said block, measuring on the west line thereof," some of them adding, "to be used by the adjoining owners as a part of the alley." Appellant and her *mesne* grantors had paid all the taxes and assessments on all of lot 7 but had paid no taxes on any part of lot 6. Appellee was at the commencement of this suit, according to the stipulation entered into by the parties, "the undisputed owner of all of said lot six (6), subject only to the rights, if any, of the defendant, Clara Hildebrecht, in and to an easement over the south ten (10) feet thereof." Appellee and her *mesne* grantors have paid all the taxes and assessments on all of lot 6. March 29, 1902, Andrew Michels conveyed by warranty deed all of lot 6 to Lizzie Michels, and there was no mention of any easement in connection with any part of said lot. Prior to May 1, 1876, lot 6 was improved by a three-story brick building across the entire north half of the lot. November 19, 1878, George Hildebrecht began the erection of a three-story brick building across the entire width of the north half of lot 7. Since its completion this building has occupied the entire width of the north part of lot 7, and there has never been a passageway over the east ten feet of lot 7 and no passageway between the buildings on lot 6 and lot 7. About this time the owners of lot 7 built a fence along the entire east side of the lot, completely separating lot 6 from lot 7, except that a narrow gate opening through said fence onto the south ten feet of lot 6 was maintained for more than thirty years. Up to this time the south ten feet of lot 6 had remained vacant and unfenced. There is a dispute in the evidence as to when the south ten feet of lot 6 was inclosed by the owner of lot 6, but it was sometime between 1908 and 1912. From the time it was inclosed until August 21, 1918, the fence remained in the same position as when built,

and there was no passageway from lot 7 onto lot 6 during that time. August 21, 1918, appellant cut an opening in the division fence and put a gate, about two and a half feet wide, therein, giving her access to the south ten feet of lot 6. At the same time she filed an affidavit in the recorder's office of Cook county claiming an interest in the south ten feet of lot 6. Thereafter, on October 1, 1918, appellee filed her bill of complaint, asking that said affidavit be set aside as a cloud upon her title and that the title to the premises be decreed in appellee and quieted against appellant. Appellant answered, praying that "her easement in and to the said south ten (10) feet of said lot six (6), measuring on the west line thereof, be confirmed, and that the said lot six (6) be charged with the said easement." The cause was referred to a master, who made his findings in favor of appellee, and the chancellor entered his decree in accordance with the master's conclusions.

It is first contended by appellant that the warranty deed from Michels conveyed to the grantee, William Grus, a fee simple title to the east ten feet of lot 7 and the south ten feet of lot 6, with a reservation of an easement in the south ten feet appurtenant to the remainder of lot 6. So far as this record shows, neither Michels nor his wife had any interest whatever in lot 7, and it seems too plain to require argument or citation of authority that they could not convey half of this lot to Grus and thereby give him title in fee simple or otherwise. Neither did their warranty deed create an easement over this east ten feet of lot 7, because no one but the owner of land can create an easement over it. (*Schnellbacher* v. *Jobst,* 271 Ill. 319; 14 Cyc. 1159; 10 Am. & Eng. Ency. of Law,—2d ed.—411.) The attempted conveyance of the east half of lot 7 was therefore void and passed no title. This leaves in dispute the small parcel of land off the south end of lot 6,—a strip approximately twenty feet long and ten feet wide. What title did William Grus take to this strip of land?

In construing instruments of the character of this warranty deed, courts will look to the circumstances attending the transaction, the situation of the parties, the state of the thing granted and the object to be attained, to ascertain and give effect to the intention of the parties. (*Kuecken v. Voltz*, 110 Ill. 264; *Goodwillie Co. v. Commonwealth Electric Co.* 241 id. 42.) This transaction is so clouded with uncertainties and ambiguities that it is difficult to determine the intention of the parties. It does not appear why this L-shaped alley was wanted. The lots were but twenty feet wide and ninety feet deep, and they had an outlet directly onto East Chicago avenue to the north and directly onto an alley to the south. So far as this record shows William Grus owned no land in this vicinity, and it does not seem reasonable that he would pay $2000 for a void conveyance of one-half of his wife's lot and a right of way over the rear of lot 6. If this deed represents the whole transaction we are unable to understand the purpose of it. It seems clear, however, from the language of the deed, that no more interest was intended to be given in lot 6 than a right of way over the south ten feet of it. Generally speaking, where a particular or special right or easement in land is conveyed, which may well co-exist and be enjoyed and used by the grantee consistently with the ownership of the fee in the grantor, the fee does not pass because it is not essential to the right or interest which is described in the deed. (19 Corpus Juris, 909.) Furthermore, it is being urged for the first time in this court that William Grus took a fee simple title in the south ten feet of lot 6. In her answer to appellee's bill to quiet title appellant claimed no more than an easement in this tract of land. The appellant by her answer, which by stipulation stood as her cross-bill, did not claim to be the owner in fee of this piece of property, and neither the master nor the chancellor has had an opportunity to pass on that question. This court reviews the case presented to the trial

court and does not sit to try issues presented for the first time in this court. In *Johnson* v. *Johnson*, 114 Ill. 611, quoting from Daniell's Chancery Practice, this court said "that a defendant is bound to apprise the complainant, by his answer, of the nature of the case he intends to set up, and that a defendant cannot avail himself of any matter in defense which is not stated in his answer, even though it should appear in the evidence." A complainant in a chancery suit cannot make one case by his bill in the lower court, and, having failed there, urge a different one on appeal. (*Butler* v. *Miller*, 208 Ill. 231.) On the issues presented by the pleadings the chancellor properly found that William Grus took by this deed a right of way over the south ten feet of lot 6, and no more.

It is contended by appellant that William Grus took an easement in the south ten feet of lot 6 appurtenant or appendant to lot 7, and that it has passed by *mesne* conveyances and vested in her. On the other hand, appellee contends that the deed from Michels to Grus created merely a right of way in gross, which was unassignable, and therefore appellant has no interest in or claim to the premises. An appurtenant easement is an incorporeal right which is attached to and belongs with some greater or superior right. It is incapable of existence separate and apart from the particular land to which it is annexed. It is obvious that the easement, to be appurtenant, must be attached to the dominant estate, and it can become legally attached only by unity of title in the same person to both the dominant estate and the easement claimed. (9 R. C. L. 737.) There is nothing in the deed to indicate that the parties intended the right of way over the south ten feet of lot 6 to be appurtenant to lot 7. William Grus was not the owner of lot 7, and so far as appears from this record was not the owner of any land. There is no dominant estate, and there being no dominant estate there can be no easement. The right of way, therefore, is in gross and personal to William Grus,

because it is not appurtenant to any other premises. (*Garrison* v. *Rudd,* 19 Ill. 558; *Willoughby* v. *Lawrence,* 116 id. 11.)   Being a right personal to Grus, it was incapable of assignment, and appellant took no interest in this portion of lot 6 by virtue of the conveyance to her of lot 7.   *Louisville and Nashville Railroad Co.* v. *Koelle,* 104 Ill. 455; 9. R. C. L. 739.

Appellant contends further that she has an easement in the south ten feet of lot 6 by prescription, through the continuous and uninterrupted use of said land from 1876 to 1912.   Appellant testified that she had lived continuously on lot 7 since 1898 and that she had known the property ten or eleven years before that; that she had personal knowledge of the existence of the gate leading from the rear of lot 7 to the south ten feet of lot 6, and that before she moved to lot 7 she often went through this gate to collect the rent from the persons occupying the premises. After she moved there, in 1898, she went through the gateway to empty her ashes in an ash box in the alley.   The tenants in the building used the gate for the purpose of carrying their garbage to the alley and for the purpose of passing back and forth to places on the alley near the rear of the premises.   Many other people passed in and out through this gate when it was more convenient for them in going to and from the premises.   To establish an easement in the land of another for a right of way to and from adjoining property requires proof of the existence of the same elements that must be proved to establish a public highway by prescription over private property.   The use must be adverse, uninterrupted, exclusive, continuous and under a claim of right.   Where the use is merely permissive by the owner it is not adverse and forms no basis upon which a right of way by prescription can rest.   The use of vacant, uninclosed and unoccupied land will be presumed to be by permission and not adverse.   (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Munsell,* 192 Ill. 430;

*Hofherr* v. *Mede,* 226 id. 320; *Illinois Central Railroad Co.* v. *Stewart,* 265 id. 35.) A mere permissive use never ripens into a prescriptive right. It must appear the use was enjoyed under such circumstances as to indicate that it was claimed as a right and was not regarded by the parties as a mere privilege or license, revocable at the pleasure of the owner of the soil. The use of a way without objection or hindrance is not inconsistent with use by permission. (*Chicago, Burlington and Quincy Railroad Co.* v. *Ives,* 202 Ill. 69; *Stewart* v. *Andrews,* 239 id. 186.) It is a matter of common observation that the public makes use of any open, uninclosed space which affords a more convenient way of reaching any given place than the regular way would, and it would be contrary to established legal principles, and to natural justice as well, to allow the public, under such circumstances and by the mere acquiescence of the owner, to acquire the permanent right of way. (*Rose* v. *City of Farmington,* 196 Ill. 226.) The burden of establishing a prescriptive right as a defense to an action of this character, where the ownership of the land traversed is conceded to be in the complainant, rests on the party pleading it. While the law presumes an easement when facts are shown which admit of such presumption, yet such facts are not presumed but must be established by the greater weight of the evidence. (*Bontz* v. *Stear,* 285 Ill. 599.) The evidence fully warrants the finding of the master that no easement existed by prescription, and the decree of the chancellor confirming this finding will not be disturbed.

The decree of the circuit court is affirmed.

*Decree affirmed.*