(No. 20698.—

F. E. MESSENGER *et al.* Appellants, *vs.* CHESTER E. RITZ
*et al.* Appellees.

*Opinion filed October 23, 1931.*

434

FRANK E. MAYNARD, for appellants.

LEROY M. GREEN, and HALL & DUSHER, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

F. E. Messenger, S. Malcolm Anderson, M. L. Atwood, H. I. Martin, S. C. Morris, E. G. Dougherty, W. T. Dougherty, A. H. Hoglund and John S. Anderson filed their bill in the circuit court of Winnebago county to enjoin Chester E. Ritz, Buena Ritz, Otto A. Schumann and Johannes Rorbeck from obstructing a certain alley. The two defendants first named demurred to the bill and the demurrer was sustained. The complainants elected to stand by their bill, and it was dismissed for the want of equity. This appeal by the complainants followed.

The alley which is the subject of controversy in this suit, runs east and west through a block or square, in the city of Rockford, bounded on the north by Greenwood avenue, on the east by Regan street, on the south by Jackson street and on the west by Summitt street. There are three subdivisions within these boundaries. The west end of the block comprises lots 1, 2, 3 and 4 in block 2 of Crosby's addition. These lots face Summitt street and are numbered from north to south. E. M. Revell's re-subdivision of a part of block 2 of Crosby's addition, consisting of eight lots, occupies the center, and Spafford's addition, containing four lots, occupies the east end, of the block. Lots 1, 2, 3 and 4 in Revell's re-subdivision and lots 7 and 8 in Spafford's addition face north on Greenwood avenue, and lots 5, 6, 7 and 8 of the former and lots 9 and 10 of the latter subdivision face south on Jackson street. The appellants, except John S. Anderson, own lots in Revell's re-subdivision, and Anderson has title to lots 7 and 8 in Spafford's addition. The appellees own portions of lots 2 and 3 in block 2 of Crosby's addition.

It is alleged in the bill that Eugenia S. Godfrey and Charles H. Godfrey, her husband, originally owned all of block 2 in Crosby's addition; that when they conveyed lots or parcels therefrom, they reserved for alley purposes a strip of land eight feet wide from the rear of the lots abutting on Greenwood avenue, an adjoining strip of the same width from the rear of the lots facing Jackson street, and two contiguous strips, one consisting of the south eight feet of lot 2 and the other of the north eight feet of lot 3, in block 2 of Crosby's addition; that these reservations were made with variations in their phraseology; that in one of the deeds the reservation read, "The southerly eight feet in width of the above described tract to be reserved for use as a private alley;" in another deed, "saving and reserving, however, the southerly eight feet in length of said lot 2 for alley purposes in common with the owners of adjoining premises," and in a third deed, "reserving, however, the right of way across the northerly eight feet in width of said above described premises for alley purposes;" that it was the intent and purpose of Eugenia S. Godfrey and Charles H. Godfrey, her husband, to reserve and provide a private alley for the common use and benefit of all the abutting owners in the block bounded by the four streets named; that by these reservations the grantors created a private alley, sixteen feet in width, running east and west through the center of the block; that these reservations constitute a covenant running with the land, and that each and every successive grantee taking by, through or under the deeds from Eugenia S. Godfrey and Charles H. Godfrey, her husband, had notice of the reservations for the uses and purposes stated.

Further allegations of the bill are that the alley was kept open and used by the public for upwards of twenty years; that it was used during the same period by all the abutting property owners and their predecessors in title for ingress and egress, the delivery of milk and the removal

of garbage; that the appellees now claim the ownership and exclusive use of the portion of the alley which adjoins their several lots or parcels of land, and that they have closed the alley by building sheds and garages across it. No mention is made of the alley in some of the *mesne* conveyances through or under which the appellants hold title, and there is no allegation in the bill that Eugenia S. Godfrey and Charles H. Godfrey, her husband, ever owned or had any interest in the four lots in Spafford's addition.

The contention of the appellants is that the reservations in the several deeds from Eugenia S. Godfrey and Charles H. Godfrey, her husband, create an easement appurtenant, running with the land, while the appellees insist that only an easement in gross, personal to the original grantors and not transferable, was created and that it does not run with the land.

An easement appendant or appurtenant runs with the land; it is the subject of transfer and will pass by a conveyance of the estate to which it is appurtenant. An easement in gross is personal to the grantee and is incapable of assignment. Jones on Easements, secs. 18 and 33; *Willoughby* v. *Lawrence,* 116 Ill. 11; *Kuecken* v. *Voltz,* 110 id. 264; *Louisville and Nashville Railroad Co.* v. *Koelle,* 104 id. 455; *Koelle* v. *Knecht,* 99 id. 396; *Garrison* v. *Rudd,* 19 id. 558.

The grant of a way is never presumed to be in gross when it can fairly be construed to be appurtenant to the land. (*Goodwillie Co.* v. *Commonwealth Electric Co.* 241 Ill. 42; *Oswald* v. *Wolf,* 126 id. 542; *Kuecken* v. *Voltz, supra; Louisville and Nashville Railroad Co.* v. *Koelle, supra*). When it appears by a fair interpretation of the words of a grant that it was the intention of the parties to create or reserve a right, in the nature of a servitude or easement in the property granted, for the benefit of other land owned by the grantor, and originally forming, with the land conveyed, one parcel, such right will be

deemed appurtenant to the land of the grantor and binding on that conveyed to the grantee; and the right and burden thus created will pass respectively to, and be binding on, all subsequent grantees of the respective lots of land. (*Whitney* v. *Union Railway Co.* 11 Gray, 359; *Kuecken* v. *Voltz, supra*). An easement created by a grantor in lands conveyed to his grantee and beneficial to lands retained by the grantor is appurtenant to the lands retained and is binding upon subsequent purchasers of the grantee's land. *Goodwillie Co.* v. *Commonwealth Electric Co. supra.*

The original grantors, Eugenia S. Godfrey and Charles H. Godfrey, her husband, reserved in each deed they executed a strip of land for alley purposes. When all the reserved strips or parcels are joined together they constitute a continuous way sixteen feet wide running east from Summitt street. The reservations of "the southerly eight feet in width of the above described tract * * * for use as a private alley;" of the "southerly eight feet in length of said lot two for alley purposes in common with the owners of adjoining premises," and of "the right of way across the northerly eight feet in width of said above described premises for alley purposes," are typical of the reservations made in all of the deeds from the same grantors, and while varying in phraseology, indicate an intention to establish an alley for the use and benefit of the purchasers of lots or parcels of land in the block or square bounded by Greenwood avenue and Regan, Jackson and Summitt streets. No deed from Eugenia S. Godfrey and Charles H. Godfrey, her husband, omitted to reserve the easement for the alley; and if they had intended the way merely for personal use, they would not have made a reservation "for alley purposes in common with the owners of adjoining premises." Manifestly, they created an easement appurtenant to the abutting lots or parcels of land and not solely for their individual benefit.

The omission of any reference to the alley in some of the *mesne* conveyances is inconsequential. The public records disclosed the easement in the chain of title to each lot or parcel of land subject to it and every grantee took title with notice of this burden. (*Yeager* v. *Manning,* 183 Ill. 275). Moreover, the easement was appurtenant to the land and it passed to the respective grantees of the several lots or parcels notwithstanding the fact that no reference was made to it in the *mesne* conveyances. It was not essential to the enjoyment of the easement in the alley by the purchasers of the lots abutting thereon, that the alley should have been mentioned in all their deeds, because incorporeal hereditaments, appendant or appurtenant to land, pass by conveyance of the land, to which they are annexed, without mention of the appurtenances. *City of Chicago* v. *Borden,* 190 Ill. 430; *Yeager* v. *Manning, supra; Clarke* v. *Gaffeney,* 116 Ill. 362.

To sustain the decree the appellees argue that, to create an easement appurtenant by reservation in a deed words of inheritance must be used, and that, in the absence of such words, the easement is in gross, personal in its nature, and is neither assignable nor inheritable. A reservation of an easement which is intended to be appurtenant to the land retained by the grantor is not within the rule that the word "heirs" must be used to create an estate which will extend beyond the party making the reservation. The question whether such an easement, in case the reservation is made without words of inheritance, is a personal right, or is to be construed to be appurtenant to some other estate, must be determined by the fair interpretation of the grant or reservation creating the easement, aided, if necessary, by the situation of the property and the surrounding circumstances. (*Kuecken* v. *Voltz, supra; Koelle* v. *Knecht, supra; Garrison* v. *Rudd, supra; Karmuller* v. *Krotz,* 18 Iowa, 352). When it appears from the grant, as it does in the present case, that it was the intention of

the parties to create or reserve a right in the nature of a servitude in the land granted, for the benefit of other land owned by the grantor, no matter in what form such intention may be expressed, such right, if not against public policy, will be held to be appurtenant to the land of the grantor, and binding on that conveyed to the grantee, and the right and burden thus created and imposed will pass with the lands to all subsequent grantees. *Coudert* v. *Sayre,* 46 N. J. Eq. 386, 395; Jones on Easements, secs. 92 and 93.

The decree of the circuit court is reversed and the cause is remanded to that court with directions to overrule the demurrer. *Reversed and remanded, with directions.*