(No. 29033.—

VERNON F. LEESCH *et al.*, Appellees, *vs.* ELMER W. KRAUSE *et al.*, Appellants.

*Opinion filed January 23, 1946—Rehearing denied March 14, 1946.*

GALBRAITH & BAYMILLER, of Peoria, for appellants.

HUNTER, KAVANAGH, McLAUGHLIN & BOND, and Mc-GRATH & COPELAND, both of Peoria, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees, on February 14, 1942, filed a complaint in the circuit court of Peoria county, praying that appellants be restrained from interfering with appellees' use of a certain roadway extending through appellants' land. On hearing a decree was entered finding that appellees have a prescriptive right to travel over and use this roadway over appellants' land as described and shown in a survey, which was introduced in evidence, showing a road of a width of 12 feet, with the right to repair and improve it without interfering with appellants' farming operations; enjoining appellants from interfering with appellees' use of the roadway, and requiring appellees to open and close all gates necessarily used in turning livestock.

Appellants own 160 acres of farm and pasture land lying north of a township road known as Popplett Hollow Road. The disputed roadway starts at a gate on the south side of appellants' land leading into their barn lot on this Popplett Hollow Road; extends north through appellants' barnyard, thence west along the side of a hill into a pasture and continuing in an irregular general westerly direction to the east line of tracts owned by appellees. During all the time the road has been traveled there have been three, and at times four, gates across the road.

Appellees Vernon F. and Jessie M. Leesch have, since 1939, owned the land described in the record and designated Tract 1. Appellees Robert C. and Jennette B. Bradley have owned the tract described and designated as Tract 2 since 1936, and appellee George H. Keyster has owned the land designated as Tract 3 since 1938. Appellants have owned the land over which this disputed roadway passes since 1930. Since the purchase of their respective tracts of land, appellees have traveled the disputed roadway. Between 1939 and 1941 some of appellees sought permission from appellants to grade, gravel and otherwise improve the roadway. The same was denied, resulting in this suit, in which appellees claim their right to use the roadway for ingress and egress to and from their lands. They claim an open, notorious, hostile, adverse and uninterrupted use for more than twenty years last past. They say that the gates were placed there solely to turn livestock and that appellees have opened and closed the same as they used the road. Appellants deny the use of the roadway has been adverse from a claim of right but allege it has always been a way by permissive use or license from appellants. Appellees, in support of their contentions, offered the testimony of various witnesses. Appellants, apparently content with the record as made by appellees' witnesses, did not produce evidence.

The record in this case shows use of this road from about 1887, one witness testifying that he had known and used the road for 55 years. Just when and under what circumstances the road was started does not appear in the record. The only evidence affecting the question whether the use has been permissive or adverse is to be found in the testimony of two of appellees' witnesses.

One Ollie Goodwin testified that she, with her family, had lived on the Leesch and Keyster properties 23 years and that they moved from there about 25 years ago. For the first two years they came upon their place from an-

other direction over other property, but that way was barred and that she asked permission of Homer Nash, who was a tenant on the premises now owned by appellants, to "come through the road that now leads through Krause's land." It is evident from her testimony and other testimony in the record, that the road was in existence prior to the time she asked for permission to use it. She testified there were always gates across the road.

The only other testimony touching the question of whether use was adverse or permissive is that of Orvis W. Oakley, who testified that his parents occupied one of the tracts of land lying back of the Krause land; that he lived there with them three years, approximately 23 years prior to his testimony. He testified that on one occasion, during the first year they were there, he found a lock on the gate at the entrance to the Krause land from the highway, and that he ran his truck through it and took it out; that thereafter another gate was placed there but no lock was put on it.

The evidence also is that portions of this road were graveled by one Ed Strause in 1932, who then owned one of the tracts of land lying back of appellants' land. Jack Harker, a witness for appellees, testified that the road had been used continuously from 1917 to the present time; that before it was graveled it was pretty much all over the pasture; that in 1932 it was straightened up; that they frequently drove around mud holes; that since 1932 the road has remained in the same location as it was when they graveled it. He states that Krause saw them doing the graveling work and did nothing to interfere. He states also that when they graveled it they did not pick out any different course for the road but straightened it up as they went along. He testified that before it was graveled it was just like a rabbit path through the barnyard and around the hill; that it was wide enough for two teams and that there were a lot of tracks through the barnyard.

Evidence of Wallace Keyster, witness on behalf of appellees, was that he had lived on appellee Keyster's farm since 1939; that in 1941 they put some gravel on the road when appellant Krause ordered them off. Appellee Bradley testified that for the last two years before the trial he had not made any improvements on the road because he was not allowed to; that he asked permission of appellant Krause to improve the road and it was refused. He testified also that the year before the hearing appellant Krause had·put a barb wire fence along the hillside on the upper side of this road; that there had been an old fence along the lower side so that the road was now twelve to thirteen fee wide. This is the substance of the testimony regarding the use of the road.

As we have noted, the origin of that use and whether it was permissive or adverse is not disclosed by the record. The rules of law pertaining to the acquisition of a prescriptive right to pass over the land of another are well settled in this State, though the application of such rules to a record such as the one before us is not so simple.

Appellees' pleadings show a claim of private easement or right of way by prescription over appellants' land. Appellants' answer denies this claim. The burden· is therefore on appellees to establish by competent evidence that the use was uninterrupted, exclusive, continuous and under a claim of right for a period of twenty years. (*Monroe v. Shrake,* 376 Ill. 253; *Rush* v. *Collins,* 366 Ill. 307; *Bontz* v. *Stear,* 285 Ill. 599.) It is the rule that in cases where the original use is permissive, such permissive use can never ripen into a prescriptive right, as such permissive use is presumed to continue· until the contrary is shown. (*Rush* v. *Collins,* 366 Ill. 307; *Bontz* v. *Stear,* 285 Ill. 599.) Though there is no denial of acquiescence on the part of appellant and his predecessors to the use of the road as it existed, such is not determinative since acqui-

escence is always to be found in a permissive use. *Bontz* v. *Stear,* 285 Ill. 599.

To establish an easement in the land of another for a right of way requires proof of the existence of the same elements necessary to establish a public highway over private property by prescription. (*Parker* v. *Rosenberg,* 317 Ill. 511; *Schmidt* v. *Brown,* 226 Ill. 590.) To establish a right of way by prescription through adverse use, it is not necessary to show that the claimant only makes use of the road. Exclusive use means that his right to use the way does not depend upon a like right in others. Nor is it necessary that his claim of right be well founded. It needs only to be a claim of right. (*Look* v. *Bruninga,* 348 Ill. 183.) The burden of establishing a prescriptive right rests upon the party pleading it. (*Waller* v. *Hildebrecht,* 295 Ill. 116.) The rule also is that where the right of way has been used openly, uninterruptedly, continuously and exclusively for a period of more than twenty years, and there is no evidence to show the origin of the way, there is a presumption of a right or grant from long acquiescence of the party upon whose land the way is located. This presumption is but *prima facie* and may be rebutted. But in the absence of evidence tending to show that such long-established use is by permission or license which is either revocable or terminable, the conclusion of law is that such use has grown out of a grant by the owner of the land and has been exercised under title thus derived. (*Rush* v. *Collins,* 366 Ill. 307.) The law favors this conclusion because it is reasonable to suppose that the owner of the land would not have acquiesced in such enjoyment for so long a period of time when it was in his interest to have interrupted it, unless he felt conscious that the party enjoying it had a right and title to it that could not be defeated. As was said in *Rush* v. *Collins,* 366 Ill. 307, "Because it can work no injustice to anyone, except to

him who has been guilty of great negligence, public policy and convenience require that this presumption should prevail in order to promote the public peace and quiet claims of possession." Citing 1 Jones Com. on Evidence, (2d.ed.) sec. 307.

It is also the rule, however, that the facts out of which such presumption grows must be established by a greater weight of the evidence. (*Bontz* v. *Stear,* 285 Ill. 599; *Gilfoy* v. *Randall,* 274 Ill. 128.) If the use is shown to have been permissive, such use cannot ripen into a prescriptive right regardless of the length of time such use is enjoyed. *Bontz* v. *Stear,* 285 Ill. 599; *Waller* v. *Hildebrecht,* 295 Ill. 116.

There is evidence that Oakley, during the first year he lived there, which the record shows was approximately 21 years prior to the trial, found a gate padlocked, and that he removed the entire gate by driving his truck through it. Evidence also is that another gate put up thereafter was not locked. This constitutes some evidence that, more than twenty years prior to the bringing of this suit, at least one of those persons living on the three tracts back of appellant Krause's land demanded the right to go through and enforced it as a right. This was an act of adverse use under claim of right.

All of the appellees, present owners of the land, testified that they considered they had a right to use the road, though three of them testified that within three years before the bringing of the suit appellant Krause refused to permit them to improve the road. There is no evidence that either he or his predecessors ever denied anyone the right to use the road or denied that such right existed. In this condition of the record we think the chancellor was justified in settling this disputed question in the manner indicated by his decree. By that decree the chancellor limited the road to the width of not over twelve feet, protected the rights of the appellant by requiring the closing

of the gates and the use of the road in such a way as not to interfere with the farming operations of appellant.

The chancellor having determined that appellees had gained a prescriptive right, it was not error to provide that they be allowed to do such things as are necessary to preserve the use of their easement in a reasonable manner by making necessary repairs. (*Espenscheid* v. *Bauer,* 235 Ill. 172; *Wessels* v. *Colebank,* 174 Ill. 618.) The rule is that a court of equity will restrain an interference with the enjoyment of an easement, even though the same has not been established at law, if it appears that the right is clear and certain and that an injurious interruption thereof is threatened. *Espenscheid* v. *Bauer,* 235 Ill. 172; Jones on Easements, sec. 883.

We are of the opinion that equity has been done in this case and the decree of the circuit court will be affirmed.

*Decree affirmed.*