HERITAGE STANDARD BANK AND TRUST COMPANY, Trustee, Plaintiff-Appellant, *v.* TRUSTEES OF SCHOOLS OF TOWNSHIP NO. 37 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN IN COOK COUNTY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 79-653

Opinion filed May 15, 1980.

654

Michael K. Shannon, of Chicago, for appellant.

Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellees.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, Heritage Standard Bank and Trust Company, as trustee, appeals from an order of the circuit court of Cook County granting judgment on the pleadings in favor of defendants, the Trustees of Schools of Township No. 37 North and the Board of Education of Consolidated High School District No. 230. By its ruling, the trial court denied plaintiff's request to enjoin defendants from assigning to certain third parties the defendants' easement rights on property owned by plaintiff.

On appeal, plaintiff contends the trial court erred in granting defendants' motion for judgment on the pleadings where the pleadings raised a material issue of fact and a trial on the merits was required.

We agree with plaintiff and reverse and remand.

The allegations of plaintiff's complaint disclose that plaintiff, as trustee under a trust agreement, holds the fee title to certain improved real estate in Palos Park, Illinois. This real estate is commonly known as the Palos Country Club. Plaintiff succeeded to its interest in the country club property by conveyance from AJF of Delaware, Inc. (AJF).

On August 29, 1972, AJF executed two instruments: a "Grant of Easement" to the defendants "for the use and benefit of Consolidated High School District No. 230"; and, an "Agreement" delineating the parties respective rights and duties under the provisions of the "Grant of Easement." A copy of each instrument was appended to plaintiff's complaint.

Under the terms of the "Grant of Easement," AJF conveyed to

defendants "a perpetual right, privilege, and easement to * * * construct, * * * replace * * * maintain and operate a sanitary sewer pipeline" of a certain diameter underneath and across a certain area of the country club property. AJF reserved to itself certain rights, including the right to connect to and use the sanitary sewer pipeline "upon the terms and conditions of a separate agreement of even date * * *." AJF also retained the right "to use and fully enjoy" the property subjected to the easement, provided that the use did not unreasonably interfere with defendants' rights.

The "Grant of Easement" also provides that these rights would be expressly reserved to the grantor in the event of any transfer, conveyance, or assignment of defendants' rights under the "Grant of Easement" or to the sanitary sewer pipeline to be constructed by defendants. The last paragraph in the "Grant of Easement" states that the rights reserved to the grantor "shall run with the land and shall inure to the benefit of the owner (or owners) from time to time of the land of Grantor that is now within, or adjacent to the easement strip."

The "Agreement," entered into on the same day as the "Grant of Easement," provides that in consideration of the grant by AJF to the defendants, the defendants, at their expense, would construct and install, in addition to the sanitary sewer pipeline, three sewer stubs which would service certain improvements on the country club property. In addition, the "Agreement" states that as long as the sanitary sewer pipeline remains in existence, AJF would not be charged any fee or tax for the removal of wastes from the improvements on the country club land.

The "Agreement" further indicates that as long as the defendants retain any interest under the easement or to the sewer pipeline, AJF would not be subject to charges or taxes for repairs, maintenance, operation, or inspection. In the event of sale, transfer, conveyance or assignment of all or any part of defendants' interest under the easement or to the sanitary sewer pipeline, AJF would be subject to a "reasonable periodic charge" levied by the successors or assigns of defendants for repairs, maintenance, and operation "based on AJF's annual use * * * in proportion to the total annual use thereof, provided, however, that all other users of said sanitary sewer pipeline shall also be subject to such charge * * *."

The last paragraph of the "Agreement" provides that its terms "shall extend to, be obligatory upon and inure to the benefit of the respective successors and assigns of the parties hereto."

Plaintiff's complaint alleges, and defendants' answer admits, that in accordance with the "Agreement" defendants subsequently constructed and installed a sanitary sewer pipeline across AJF's property. Plaintiff's allegations and defendants' answer disclose that the pipeline is presently

in use by both parties. It is alleged by plaintiff that defendants now are attempting to convey all or part of their rights under the "Grant of Easement" to the adjoining village of Orland Park, for the benefit of homeowners on a 471.30-acre development on land adjacent to defendants' land and located in the village of Orland Park. Plaintiff's complaint alleges that this attempt by defendants to extend the easement to homeowners in the adjacent village violates the terms of the "Grant of Easement," since the easement is limited to the land owned by the defendants when the easement was granted.

According to plaintiff's complaint, the easement was granted to defendants to enable them to "remove liquid and solid wastes from their properties, and from no other properties." Plaintiff further alleges defendants' assignment of easement rights to owners of property adjoining defendants' land will increase the burden upon plaintiff's land by overloading the sanitary sewer pipeline. Thus, plaintiff's right to use the sanitary sewer pipeline will be impaired by the additional burden of increased use. Through the instant action, plaintiff seeks to enjoin defendants from conveying their interest in the easement to parties owning land outside the boundaries of the land owned by the defendants when the easement was granted.

Opinion

Plaintiff, in its complaint, contends that a sale or assignment of defendants' interest in the easement to owners of land adjoining the land of the defendants is clearly impermissible under the terms and provisions of the "Grant of Easement" and the ancillary "Agreement." The "Agreement" instrument includes the terms relating to the method and manner of construction of the sewer pipeline.

We first examine the nature of the easement contained in the grant in light of the existing law.

An easement is a right or privilege in the real estate of another, who is considered the owner of the "servient estate" (plaintiff's land), and when exercised in connection with occupancy of other land (defendants' land), it is said to be "appurtenant thereto." (*Beloit Foundry Co. v. Ryan* (1963), 28 Ill. 2d 379, 192 N.E.2d 384.) Generally, an easement is considered appurtenant when one terminus is on the land of the party claiming the easement, who is considered the owner of the "dominant estate" (defendants' land); however, the only essential element is that it inhere in or concern the land of that party. (See *Allendorf v. Daily* (1955), 6 Ill. 2d 577, 129 N.E.2d 673; *Taylor v. Lanahan* (1979), 73 Ill. App. 3d 829, 392 N.E.2d 425.) "An easement is appurtenant to land when the easement is created to benefit and does benefit the possessor of land in the use of the land." (Restatement of Property §453 (1944).) Thus, here plaintiff is the

owner of the servient estate, and defendant is owner of the dominant estate, which is appurtenant to the servient estate.

It is apparent that the easement involved here was created to benefit the use of defendants' property, the dominant estate. By its terms, the "Grant of Easement" was given to the defendants "for the use and benefit of Consolidated High School District 230." It is also apparent defendants' property benefited by the easement which gave defendants the right to construct and maintain, on plaintiff's property, a sanitary sewer pipeline for disposal of defendants' wastes. The consideration given for the easement included the grantor's right to connect to and use the sanitary sewer pipeline.

■■ When it appears from the grant that the parties intended to create a right in the nature of a servitude in land for the benefit of other land, such right is held to be an appurtenant easement, no matter in what form the intention is expressed. (*Messenger v. Ritz* (1931), 345 Ill. 433, 178 N.E. 38.) Accordingly, based on the allegations set forth in the pleadings, we necessarily conclude that the easement held by defendants here is an appurtenant easement.

■■ An appurtenant easement is an incorporeal right which is attached to and belongs with some greater right. It is incapable of existence or transfer separate and apart from the particular land to which it is annexed or attached. (*Waller v. Hildebrecht* (1920), 295 Ill. 116, 128 N.E. 807.) It passes by conveyance of the land to which it is annexed, without being expressly mentioned, and the servient estate continues to be subject thereto until such right is terminated or abandoned. (*Messenger v. Ritz* (1931), 345 Ill. 433, 178 N.E. 38.) Ordinarily, such an easement is appurtenant not only to the dominant tract as a whole, but also to each and every part thereof, and is not extinguished by a division of the dominant estate but thereafter inures to the benefit of the owners of these several parts. *Beloit Foundry Co. v. Ryan* (1963), 28 Ill. 2d 379, 192 N.E.2d 384; Restatement of Property §488 (1944).

■■ An easement appurtenant, however, may not be extended by the owner of the dominant estate to accommodate other lands which he may own and for which the easement was not originally intended (*Beloit Foundry Co. v. Ryan* (1963), 28 Ill. 2d 379, 192 N.E.2d 384), since no one but an owner of land can create an easement over it. *Waller v. Hildebrecht* (1920), 295 Ill. 116, 128 N.E. 807.

Defendants argue that the terms of the "Grant of Easement" and the "Agreement," executed simultaneously with the "Grant of Easement," give defendants the power to assign their rights to third persons including adjoining landowners. In support of this position, defendants point to the following language included in the "Grant of Easement" and the "Agreement":

"[Grant of Easement]

3. In the event of the sale, transfer, conveyance or assignment of all or any part of Grantee's right, title or interest in, to or under this grant (or in or to the sanitary sewer pipeline constructed pursuant to this grant), the documents of sale, transfer, conveyance or assignment shall expressly reserve unto Grantor the rights reserved by Grantor in Paragraphs 1 and 2 hereof."

"[Agreement]

1. In the event of the sale, transfer, conveyance or assignment of all or any part of the right, title or interest of Trustees or Board of Education, in, to or under said Grant of Easement (or in or to said sanitary sewer pipeline constructed pursuant to said Grant), then and in such event AJF may be subject to a reasonable periodic charge, fee or tax thereafter billed, levied or assessed by the successors or assigns of Trustees or of Board of Education for repair, maintenance, operation and inspection based upon AJF's annual use of said sanitary sewer pipeline (including said sewer stubs) in proportion to the total annual use thereof, provided, however, that all other users of said sanitary sewer pipeline shall also be subject to such charge, fee or tax billed, levied or assessed by the successor or assigns of Trustees or of Board of Education."

It is true that the foregoing provisions of the "Grant of Easement" and the "Agreement" contemplate additional future users of the sanitary sewer pipeline; however, because of the inherent ambiguity of the language used, we cannot infer from the language alone a clear intention to extend the benefit of the easement to tracts of land other than to the properties then owned by the parties named in the grant or their successors in interest. "The extent of an easement created by a conveyance is fixed by the conveyance." Restatement of Property §482 (1941).

Plaintiff argues that by the terms of the "Grant of Easement," the easement was executed "for the use and benefit of Consolidated High School District 230." The grantor reserved the right to use the sanitary sewer pipeline after its construction and to use the property burdened with the easement. Had the grantor intended the benefits of the easement to extend to other property, the "Grant of Easement" would have clearly so stated. See, *e.g., Beloit Foundry Co. v. Ryan* (1963), 28 Ill. 2d 379, 192 N.E.2d 384; *Messenger v. Ritz* (1931), 345 Ill. 433, 178 N.E. 38; *Waller v. Hildebrecht* (1920), 295 Ill. 116, 128 N.E. 807; *D. M. Goodwillie Co. v. Commonwealth Electric Co.* (1909), 241 Ill. 42, 89 N.E. 272.

Further, plaintiff urges that since only an owner of land may create an easement over that land (*Waller v. Hildebrecht* (1920), 295 Ill. 116, 128

N.E. 807), and an appurtenant easement runs with the land and is incapable of existence separate and apart from the particular land to which it is annexed (*Waller v. Hildebrecht* (1920), 295 Ill. 116, 128 N.E. 807), it follows that defendants may not assign their interest under the easement separate from the transfer of their land. Were it not for this rule, " '* * * the burden upon the servient estate might be increased at the pleasure of the owner of the dominant estate.' " *D. M. Goodwillie Co. v. Commonwealth Electric Co.* (1909), 241 Ill. 42, 81, 89 N.E. 272, 286, citing Jones on Easements §360.

Plaintiff also suggests that unless bargained for and incorporated in the provisions of the easement agreement, the owner of an easement cannot materially increase the burden upon the servient estate, nor can he impose a new and additional burden (*Elser v. Village of Gross Point* (1906), 223 Ill. 230, 79 N.E. 27; *Bard Ranch Co. v. Weber* (Wyo. 1976), 557 P.2d 722; *cf. D. M. Goodwillie Co. v. Commonwealth Electric Co.* (1909), 241 Ill. 42, 89 N.E. 272). So, too, any unauthorized extension of the easement to another tract of land is a misuse. *Wetmore v. Ladies of Loretto, Wheaton* (1966), 73 Ill. App. 2d 454, 220 N.E.2d 491.

However, we cannot determine from the limited pleadings in the record before us whether defendants have the right to transfer or assign their "Grant of Easement" to land owners occupying land adjacent to the land of defendants.

■■ Our analysis of the "Grant of Easement" and the "Agreement" indicates the inherent ambiguity previously noted. An evidentiary hearing to determine the intentions of the parties is essential. While the parol evidence rule would prevent any oral testimony to vary the terms of a written document, where, as here, an ambiguity in the terms exists, parol evidence is admissible to determine the actual intention of the parties. *LaSalle National Insurance Co. v. Executive Auto Leasing Co.* (1970), 121 Ill. App. 2d 430, 257 N.E.2d 508. See also *In re Estate of McCaffrey* (1961), 31 Ill. App. 2d 413, 176 N.E.2d 545.

Defendants in urging this court to accept their interpretation of the terms of the "Grant of Easement" and the "Agreement" also contend the trial court correctly entered judgment on the pleadings in favor of the defendants.

■■ A motion for judgment on the pleadings raises the question whether the pleadings present a triable issue of fact and if one or more issues of fact are found, then evidence must be taken and judgment on the pleadings may not be entered. (*Lane v. Bauscher* (1978), 59 Ill. App. 3d 621, 375 N.E.2d 993.) The motion itself does not test whether there is any evidence to support the pleadings, but whether the pleadings present a material issue of fact, and if a material issue of fact is presented, it is inappropriate to enter judgment on the pleadings. (*Christensen v. Wick*

*Building Systems, Inc.* (1978), 64 Ill. App. 3d 908, 381 N.E.2d 1189.) So too, if no issue of triable fact is found to exist, the court may then, as a matter of law, determine which party is entitled to judgment. See *Beckham v. Tate* (1978), 61 Ill. App. 3d 765, 378 N.E.2d 588.

Defendants assert that no evidentiary proceedings are necessary on the issue of the burden that may be placed on the sewer system by allowing the benefits of the easement to adjoining land owners, since the Metropolitan Sanitary District would determine the extent of the burden placed on plaintiff's property prior to granting a permit to a third party for sewer use. (Ill. Rev. Stat. 1977, ch. 42, pars. 326bb; 326d; 326f.) Irrespective of whether this is true or not, we find this was a legally inappropriate factor for the trial court to consider in reaching a decision on a motion for judgment on the pleadings. The motion raises the issue of the sufficiency of the pleadings to raise a material issue of fact and does not invite a review of other ancillary material. *Baillon v. S. S. Kresge Co.* (1972), 4 Ill. App. 3d 82, 277 N.E.2d 719; see also *Swidler v. Litvin* (1969), 107 Ill. App. 2d 227, 246 N.E.2d 895.

Thus, even if we were to find the defendant's contention as to the breadth of the documents to be correct so as to make permissible the transfer of the easement right to adjacent land owners, we nevertheless conclude that a material issue of fact has been raised and the plaintiff has the right to present evidence of irreparable harm that might come to it due to the increased burden on its estate if adjacent land owners are allowed to make use of the sewer system.[1]

Having found an ambiguity in the terms of the "Grant of Easement" and in the terms of the "Agreement" that can only be resolved by an evidentiary hearing to disclose the intention of the parties as to the terms and provisions of the documents, and having found that a material issue of fact is raised by the pleadings and that an evidentiary hearing is required, we accordingly reverse and remand this case for further proceedings in accordance with the views expressed above.

Reversed and remanded.

JOHNSON and JIGANTI, JJ., concur.

---

[1] Arguably, if there is substantial interference with the plaintiff's use of the sewer system by virtue of the additional use of the system by the defendants' assigns, the plaintiff has the right to seek injunctive relief as it did here. See *Triplett v. Beuckman* (1976), 40 Ill. App. 3d 379, 352 N.E.2d 458.