CLARENCE NORDER, Plaintiff-Appellee, v. SAM AND HAZEL McCULLOUGH, INC., Defendant-Appellant.

Third District   No. 3—86—0775

Opinion filed December 23, 1987.

Gordon L. Lustfeldt, of Bell, Razzano, Blunk, Kinzer & Lustfeldt, of Watseka, for appellant.

Terry D. Hamrick, of Waaler & Evans, of Champaign, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The plaintiff-appellee, Clarence Norder, sought permanent injunctions regarding drainage tile connections of the defendant-appellant corporation, Sam and Hazel McCullough, Inc. (the corporation). The corporation appeals from summary judgment for the plaintiff. We reverse.

In its answer to the plaintiff's complaint, the corporation admitted allegations that the parties are bound by a 1960 written easement agreement (the agreement). The agreement was entered after the cor-

poration's predecessor in interest installed drainage tile (the original tile) on their own and the plaintiff's land. By the agreement, the corporation has an easement over the plaintiff's described land to install, maintain, and repair the original tile. Also by the agreement, the plaintiff is entitled to "hook on to" the original tile to drain his described land, so long as he does not interfere with or damage the original tile. In its answer the corporation also admitted the complaint's allegation that the corporation had refused the plaintiff's request to disconnect additional tile, denying that it should be required to disconnect said tile.

Pursuant to the plaintiff's motion, the court granted summary judgment, ordering the corporation both to disconnect all tile which did not drain land described in the agreement and also to refrain from connecting any additional tile to the original tile. The corporation brought this appeal from the denial of its post-trial motion to vacate the summary judgment.

■■ ■ A motion for summary judgment should be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) Construing material before the court strictly against the movant, the right to summary judgment must be clear and free from doubt. *Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 399 N.E.2d 198.

Although neither party nor the trial court has referred to the Illinois Drainage Code (the Code) (Ill. Rev. Stat. 1985, ch. 42, par. 1—1 *et seq.*), we find that its provisions are dispositive of this case. Under section 2—8 of the Code, a covered drain is deemed "a drain *** for the mutual benefit of all lands connected to, or protected by, it" when it has been "constructed by mutual license, consent or agreement, either separately or jointly, by the owners of adjoining land so as to make a continuous line across [their lands]." (Ill. Rev. Stat. 1985, ch. 42, par. 2—8.) Under section 2—9 of the Code, it is unlawful for any person to connect a covered drain with any drain "deemed to be for the mutual benefit of the lands connected or protected," without the consent of all parties interested in such drain; when an unlawful connection is made, any interested person may recover damages or compel disconnection. Ill. Rev. Stat. 1985, ch. 42, par. 2—9.

In the instant case, the corporation contests the court's failure to find three facts: whether the corporation added tiles to drain land not covered by the agreement, whether the corporation interfered with drainage on the plaintiff's land, and whether the plaintiff was dam-

aged. It also contests any interpretation that the agreement proscribed the corporation's adding any tile to the original tile.

We find that the pleadings and admissions on file do not establish for purposes of a summary judgment, "a drain *** for the mutual benefit" and an "unlawful connection" under the Code. Under the Code, whether newly attached tile drains land not covered in the agreement, whether the plaintiff had been damaged, and whether the agreement itself inhibits the defendant's adding tile to the original tile are immaterial to certain injunctive relief. (See *Mackey v. Wrench* (1907), 134 Ill. App. 587.) Nevertheless, the plaintiff has not alleged and the corporation has not specifically admitted either that the original tile is continuous through the parties' lands or other details about the parties' agreement to a drain. Furthermore, the corporation has not specifically admitted connecting additional tile to the original tile. The right to summary judgment under the Code is not free from doubt.

Additionally, we reject the plaintiff's unsupported suggestion that its motion for summary injunctive relief was merely a request for declaratory judgment. (See *Gagne v. Village of La Grange* (1976), 36 Ill. App. 3d 864, 345 N.E.2d 108.) We similarly reject the plaintiff's assertion that the agreement entitled him to summary judgment. The agreement does not unambiguously prohibit the corporation's adding tile to the original tile; to find such a prohibition the court would be required to make a finding on the material fact of the parties' intent. See *Heritage Standard Bank & Trust Co. v. Trustees of Schools* (1980), 84 Ill. App. 3d 653, 405 N.E.2d 1196.

Based on the foregoing, the judgment of the circuit court of Iroquois County is reversed. The cause is remanded for further proceedings.

Reversed and remanded.

WOMBACHER and SCOTT, JJ., concur.