The West Chicago Street Railroad Company

*v.*

John H. Mueller.

*Filed at Ottawa January 19, 1897—Rehearing denied March 12, 1897.*

1. Evidence—*testimony that an event did not take place is not negative.* Where two classes of witnesses are of equal intelligence, have equal opportunities of knowing the facts and have had their attention directed thereto, then, although one class testifies that an event did take place and the other testifies that it did not, the latter cannot be regarded as negative testimony.

2. Practice—*not the province of the court to instruct jury as to weight of testimony.* It is never the province of the court to tell the jury which class of conflicting testimony is entitled to be accorded the greater weight.

*West Chicago Street R. R. Co.* v. *Mueller,* 64 Ill. App. 601, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Edmund W. Burke, Judge, presiding.

Egbert Jamieson, and John A. Rose, for appellant.

James B. McCracken, and Albert M. Cross, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county in favor of appellee, against appellant, for a personal injury. The alleged injury resulted from a collision between a grip-car of the defendant and an express wagon on which the plaintiff was riding, at the crossing of Madison street and California avenue, in the city of Chicago. The declaration consisted of three counts, the first charging the defendant with negligence in failing to sound a gong, the second in running its car at a high rate of speed, and the third charging both these acts of negligence, and

setting up that plaintiff's view was obstructed by standing cars on another track.    The judgment was for $5500.

On the trial before the jury there was a conflict in the evidence as to the alleged acts of negligence.    The court, at the instance of the plaintiff, gave this instruction to the jury, which is assigned for error:

"The court instructs the jury, that when one or more witnesses testify to being present upon any occasion and that certain facts then took place, and other witnesses of equal credibility, having equal means of knowing what took place, testify that they were present on the same occasion and that such facts did not take place, then the testimony of the latter witnesses is not what is known as negative testimony, but it is entitled to be regarded by the jury as affirmative testimony, and in such case it is the duty of the jury to weigh all the testimony and give a verdict as the weight may preponderate to the one side or the other."

It is unquestionably the law, and has been frequently so announced by this court, that negative testimony is not entitled to the same weight as affirmative testimony, and the rule has been applied to cases in which one set of witnesses testified that a bell was rung or a whistle sounded and others stated they did not hear it, the testimony of the former being held of greater weight.    We have also held that where the two classes of witnesses are of equal intelligence and have equal opportunities of knowing the fact, and their attention has been directed to it, then, although one testifies that the occurrence did take place and the other that it did not, the latter testimony is not to be treated as negative.    (*Rockford, Rock Island and St. Louis Railroad Co.* v. *Hillmer,* 72 Ill. 235.)    This instruction was doubtless intended to do no more than to give the jury a rule for weighing the testimony of witnesses whose evidence might be regarded of a negative character, and while it is justly subject to the criticism of being argumentative, taken as a whole we are not able

to see that it could have misled the jury to the prejudice of appellant.  Whether the testimony of the witnesses swearing that the gong was not sounded should be treated as negative in no way depended upon whether other witnesses testified that it was sounded, and the instruction was perhaps liable to be understood by the jury as an intimation from the court that the testimony of a witness of the one class was entitled to the same weight as that of a witness of the other class, and so understood would be erroneous.  It is never the province of the court to tell the jury which class of conflicting testimony is entitled to the greater weight.  (*Rockwood* v. *Poundstone*, 38 Ill. 199; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Hillmer*, *supra*.)  We think, however, taken as a whole, fairly and intelligently construed, it amounted to no more than telling the jury that if there was a conflict in the evidence of the witnesses as to whether a fact existed or not, it was the duty of the jury to weigh all the testimony and give a verdict as the weight might preponderate to the one side or the other.  Sixteen instructions were given at the instance of the defendant, and they fully instructed the jury as to the requirement of the law that the plaintiff could only recover by proving his case as alleged, by a preponderance of the testimony.  We are of the opinion, therefore, that there was no reversible error in giving the instruction.

Some objection was urged in the Appellate Court to the admission of testimony on behalf of the plaintiff, but we think there was no substantial error in that regard. The real question in the case is one of fact,—that is, whether the defendant's servants were guilty of the negligent acts charged in the declaration, thereby inflicting the alleged injury upon the plaintiff.  We are unable to see any reasonable ground for holding that that question was not fairly submitted to the jury by the instructions. The verdict of the jury and the judgment of affirmance in the court below have therefore settled the question in

the plaintiff's favor, and even if slight errors did appear in the record, not materially affecting that finding, the judgment could not properly be reversed on that account.

The judgment will be affirmed.

*Judgment affirmed.*