PATRICK F. HEALY *et al.*, Plaintiffs-Appellees, *v.* ALEX J. ROBERTS *et al.*, Defendants-Appellants.

First District (5th Division)   No. 81—2821

Opinion filed September 29, 1982.

Getzoff & Getzoff, of Chicago (William M. Getzoff, of counsel), for appellants.

Berger and Herman, Ltd., of Chicago (Burton Berger and Judith Berger Feder, of counsel), for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendants appeal from an order granting plaintiffs a prescriptive easement over an alley crossing the property of defendants and directing defendants to restore the alley to good and usable condition and to so maintain it at all times.

The parties reside in homes on adjoining parcels of property in Midlothian, Illinois. Their homes are 2 of 10 built approximately 80 years ago—all of which face south on Cottage Row. A gravel alley crosses the 10 lots approximately 170 feet south of their north lot lines, beginning in the east at Laramie Avenue and ending in the west at lot number 10 where plaintiffs reside. Defendants reside immediately to the east of plaintiffs, on lot number 9. Although the alley does not appear in public records, testimony established that it has been in continuous use since at least 1927.

The property now owned by plaintiffs was purchased by Hoyt and Ann Corley in 1951, and from then until 1970 the Corleys used the alley to pass from their home on lot 10, across lot 9 and all other lots to reach Laramie. Plaintiffs purchased the property from the Corleys in 1970 and continued to use the alley in a similar fashion. Defendants

purchased their home in 1977 and, before buying, they informed plaintiffs of their intention to close the road, but they did not do so when plaintiffs objected.

On occasions, after they moved in, defendants parked a vehicle so as to block the alley behind defendants' residence. Once defendants plowed snow to form an embankment across the alley, and on another occasion they placed railroad ties to prevent use of the alley. Plaintiffs filed this action asking that defendants be enjoined from interfering with their use of the alley. After receiving a summons in this action, defendants built a barricade 2½ feet high across the alley.

The trial court found that the alley had been used openly, exclusively, continuously, and uninterruptedly for over 20 years by plaintiffs and their predecessors in title, and that a prescriptive easement had been established. Defendants were ordered to remove all obstructions and obstacles, to restore the alley to good and usable condition, and to maintain the alley in that condition at all times. They were further permanently enjoined from blocking and/or interfering with plaintiffs' use of the alley. Defendants' motion for reconsideration was denied, and this appeal timely followed.

OPINION

We first consider defendants' assertion that the finding of a prescriptive easement was against the manifest weight of the evidence. In order to acquire an easement by prescription, a claimant must show that the use of the land was adverse, exclusive, continuous and uninterrupted, and under claim of right for a period of at least 20 years (*Petersen v. Corrubia* (1961), 21 Ill. 2d 525, 173 N.E.2d 499; *Lawson v. Hill* (1979), 77 Ill. App. 3d 835, 396 N.E.2d 617) and, where there has been privity between the users of the property, periods of use may be tacked together in order to satisfy the required prescription period (*Roller v. Logan Landfill, Inc.* (1974), 16 Ill. App. 3d 1046, 307 N.E.2d 424). Exclusivity means that the claimant's rights do not depend on the rights of others, not that the claimant alone used the easement. (*Ritter v. Janson* (1967), 80 Ill. App. 2d 169, 224 N.E.2d 277.) To establish claim of right, it is not essential that plaintiffs offer proof of an oral declaration of right, but it is sufficient if the evidence shows that they acted in such a manner as to clearly indicate that they claimed the right to use of the property (*Petersen v. Corrubia*) and that its use was not a mere privilege or license (*Chicago, Burlington & Quincy R.R. Co. v. Johnson* (1903), 205 Ill. 598, 68 N.E. 1112). Further, to meet the requirements of adverse use, "the use must be with the knowledge and acquiescence of the owner

but without his permission" (*Ruck v. Midwest Hunting & Fishing Club* (1968), 104 Ill. App. 2d 185, 190, 243 N.E.2d 834, 837), and the establishment of a prescriptive easement is almost always a question of fact, especially with regard to whether a use is adverse or permissive (*Keck v. Scharf* (1980), 80 Ill. App. 3d 832, 400 N.E.2d 503).

Defendants essentially contend the evidence does not establish that the use of the driveway was exclusive and under claim of right for the prescriptive period of 20 years.

■ Their contention that plaintiffs' use of the alley was not exclusive rests on evidence of use by all the neighbors as well as members of the public in general. This evidence refers to the use of the alley as a whole—not specifically to that portion of the alley which is on defendants' property and, thus, they argue that if all the neighbors could not use the alley, none of them could. They term this concept "interchangeability" and assert that it makes plaintiffs' right dependent on the rights of other neighbors and therefore that it is nonexclusive. We find nothing in the evidence to support this argument. While in cross-examining witnesses, defendants several times included the word "interchangeable" when asking whether all neighbors used the alley, it is our view that the witnesses' answers tell us only that others besides plaintiffs used the alley—a fact which does not negate exclusivity.

■ Defendants further maintain that plaintiffs' use of the alley was not exclusive because it was indistinguishable from use by the general public. All of the evidence indicates, however, that there was a substantial question of fact on this point. While various witnesses described the alley as "public" and testified that "everyone" used it, other testimony indicates that the only reason to traverse that portion of the alley located on defendants' property was to reach plaintiffs' property where the alley ended. Plaintiffs used the alley to reach their property, deliveries were made over the alley to them, and various other services were provided to them by way of that alley. The trial court determined this factual question in plaintiffs' favor, and we cannot say its finding is contrary to the manifest weight of the evidence.

■ Defendants also posit that the evidence fails to establish a claim of right. To the contrary, we believe the actions of plaintiffs and their predecessors in title were sufficient to show use under a claim of right. The record discloses that the Corleys and later the Healys used the alley continuously and openly, without asking permission of defendants or their predecessors in title from 1951 to 1981. Defendants argue, though, that permissive use may be presumed where

there is a showing of a neighborly relationship between the parties. While we agree that evidence of a neighborly relationship may give rise to a rebuttable presumption of permissive use (*Burrows v. Dintlemann* (1976), 41 Ill. App. 3d 83, 353 N.E.2d 708), we do not find sufficient evidence in the record here to support such a presumption. There were statements that neighbors, in general, were friendly and cooperative, but the record reveals no evidence as to the nature of the relationship between the Corleys and the Healys and defendants' predecessor in title. Certainly the relationship between the plaintiffs and defendants was far from neighborly, and generalizations about others in the neighborhood tell us nothing about the particular parties in question. Moreover, as noted above, there is ample evidence of nonpermissive use. Therefore, we view it to be clear from the greater weight of the evidence that from at least 1951 to 1981 defendants or their predecessors in title knew of the use of the alley by the Corleys and Healys, acquiesced in, but never gave permission for such use.

Finally, defendants argue that the 20-year prescriptive period has not been satisfied. This argument, however, rests entirely on the assumption that exclusive use and claim of right were not established prior to 1977. We considered these questions above and determined that there is sufficient evidence to sustain a finding that these requisites of an easement by prescription existed from at least 1951 and find those determinations to be dispositive of this argument. In the light of the above, we conclude the finding of the trial court that plaintiffs established a prescriptive easement is not contrary to the manifest weight of the evidence.

We next consider defendants' contention, not answered by plaintiffs in their brief, that the trial court erred in ordering defendants to restore the alley to good condition and thereafter maintain it. Defendants were ordered to "immediately remove any obstructions and obstacles and fill in said alley with proper material and to restore said alley in a good and usable condition and to maintain said alley so that it is in a good and usable condition at all times."[1]

It is the owner of the easement who has the duty to keep the easement in repair, and as a general rule the owner of the servient tenement has no duty to put or keep the easement in repair. (*Triplett v. Beuckman* (1976), 40 Ill. App. 3d 379, 352 N.E.2d 458.) However, in appropriate circumstances, the court may issue a mandatory injunc-

---

[1] We assume the order refers to that portion of the alley on defendants property, as there appears to be no evidence that defendants impeded the use of any other portion of the alley.

tion directing the owner of the servient tenement to remove obstructions (*Ogilby v. Donaldson's Floors, Inc.* (1958), 13 Ill. 2d 305, 148 N.E.2d 758) or restore a roadway to its original condition (*LeClerq v. Zaia* (1975), 28 Ill. App. 3d 738, 328 N.E.2d 910).

■ We find that this is a proper case for issuance of such a mandatory injunction. Defendants placed obstructions across the alley, some of a temporary but others of a more permanent nature, in order to hamper or prohibit use of the easement. In addition, there is evidence that defendants have placed railroad ties across the alley and removed the gravel therefrom. Just as they have taken affirmative steps to impede plaintiffs' use of their easement, defendants should be required to restore the alley to a good and usable condition as ordered by the trial judge.

We do not agree, however, that defendants have a duty to maintain the alley once it has been restored to good and usable condition, because then the general rule that the burden of maintaining the easement is on the owner of the dominant tenement is applicable.

For the reasons stated, we reverse that portion of the order appealed from which requires defendants "to maintain said alley so that it is in good and usable condition at all times," but we affirm the remainder of the order.

Affirmed in part. Reversed in part.

LORENZ and WILSON, JJ., concur.