PAUL W. DREW et al., Plaintiffs-Appellants, v. NOEL WHITTINGTON et al., Defendants-Appellees.

Fifth District  No. 5—86—0313

Opinion filed July 29, 1987.

Mark A. Atkins, of Drew & Atkins, of Benton, for appellants.

Robert E. Shaw, of Musick & Mitchell, P.C., of Mt. Vernon, for appellees.

JUSTICE LEWIS* delivered the opinion of the court:

Plaintiffs Paul and Glenda Drew brought this action alleging that they had acquired a prescriptive easement in an oil lease road that ran across the property of the defendants, Noel and Irene Whittington. The plaintiffs claimed the right to use this road in order to gain access to their property that lay adjacent to the defendants' property. Following a grant of summary judgment in favor of the

---

*Justice Lewis replaces Justice Jones, who retired after the cause was taken under advisement.

defendants, this court, in an unpublished order (Drew v. Whittington, No. 5—84—0711), reversed the grant of summary judgment and remanded the cause to the circuit court for trial. At trial the defendants moved for judgment at the close of the plaintiffs' case. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1110.) The trial court granted the defendants' motion and specifically found that the plaintiffs had failed to prove that the plaintiffs' use of the road was exclusive as required to establish prescriptive easement. On appeal from the trial court's judgment, the plaintiffs contend that the court erroneously found that the plaintiffs' use of the road was dependent upon the oil company's use and thus was not exclusive under the law of prescriptive easement. We affirm.

The plaintiffs and the defendants own adjacent tracts of farmland located in Franklin County, Illinois. Plaintiff Paul Drew testified that he had acquired title to the property in 1974 from his father, who had owned the land since 1922. Defendant Noel Whittington had first purchased his property, which adjoins Drew's property on the east, in 1964, and had then sold the property and reacquired it in 1972. In the mid-1950s an oil lease road was built across the defendants' property to service oil wells on both tracts of land, and the plaintiff and his father had used the road since that time to gain access to their property for farming purposes. The defendant destroyed the lease road in 1981, and the plaintiffs subsequently filed suit to establish a prescriptive easement in the road.

At trial defendant Whittington testified that he had known when he purchased his property in 1964 that the plaintiff had been using the road to gain access to his property. Whittington had never given the plaintiff permission to use the road or tried to stop him. On several occasions he had seen the plaintiff use the road in order to tend the crops planted on the plaintiff's property.

There were two other roads leading to the plaintiff's property. One, the Baptist Camp Road, was used in the 1940s but went into disrepair after 1955. The other was a private road belonging to a neighboring farmer, who had given the plaintiff oral permission to use his road after the defendant had destroyed the oil lease road in 1981. From 1964 until he had destroyed the road in 1981, the defendant had never seen the plaintiff gain access to the plaintiff's property by any other means than the oil lease road across the defendant's property.

Whittington testified that the oil people had ceased to operate the wells on his and the plaintiff's property and had stopped using the lease road some two to three years before Whittington had destroyed the road. The plaintiff had continued to use the road during the two-

to three-year period. Some of the oil wells had been shut down prior to that time except for one well on the defendant's property, which had been reactivated.

Whittington testified further that in a conversation with the plaintiff in the early 1970s, he had told the plaintiff that he would be glad when the oil wells quit because he wanted to "tear up" the lease road. According to Whittington, the plaintiff had responded, "I was afraid of that," and had made no objection. At that time Whittington had neither told the plaintiff that he wanted the plaintiff to stop using the road nor that he could go on using the road. Whittington had not contacted the plaintiff before destroying the road in 1981 because he had not thought it was necessary to do so.

Plaintiff Paul Drew testified that he had used the oil lease road approximately 40 to 50 times a year from 1955 until it was destroyed by the defendant in 1981. He had felt like he had a right to use this road because he "knew you couldn't be landlocked" and there was no other way to get to his property.

The defendant objected to a question by plaintiff's counsel as to whether anyone else had used the road besides the plaintiff, and the trial court sustained the objection after the defendant stipulated that the road had been used by the oil people to service oil wells.

On cross-examination the plaintiff testified that he had never told the defendant prior to 1981 that he claimed the right to use the road, stating, "I never had to. I just used it." The plaintiff admitted that he had not built the road or performed any maintenance on it and stated that he was aware that the oil lease road had been built by "the oil companies" to service oil wells on the property. He testified upon repeated questioning that he did not recall the conversation that the defendant had referred to in the early 1970s, stating, "That's been a long time. I don't remember the conversation."

At the close of the plaintiffs' evidence, the defendants moved for judgment on the ground that the plaintiffs had failed to prove the elements of prescriptive easement. The trial court, after hearing arguments of counsel, considered whether the plaintiffs had established exclusive use as required for a finding of prescriptive easement. The court observed that such exclusive use does not mean that no one else may or does use the road in question, but that the claimed right to use the road does not depend on a like right in others. The court, noting that the oil company's right to use the road to gain access to its wells was presumed by both parties, continued:

> "[I]t appears that the plaintiff stepped [sic] and used that same road that was not constructed by the owner but by the oil

company. I can't find how the plaintiff can, therefore, claim his use does not depend on a like right in others."

The court acknowledged the plaintiff's argument that he had used the road for a period of approximately three years after the oil company had ceased to use it, but stated:

"My dilemma is this ***: for 17 years potentially, under the proof presented to me, what the plaintiff could have been doing is following the path the oil company made on a daily basis or a weekly basis *** [so that] but for the oil company using it, plaintiff would have had no use thereof whatsoever."

The court found, therefore, that the plaintiffs had failed to prove the element of exclusive use necessary to establish prescriptive easement and granted the defendants' motion for judgment at the close of the plaintiffs' case.

On appeal from this judgment the plaintiffs contend that there was sufficient evidence presented on the issue of exclusive use to withstand the defendants' motion for judgment at the close of the plaintiffs' case. The plaintiffs contend additionally that the trial court applied an incorrect standard in ruling on the defendants' motion.

■ Under established law, the trial court must follow a two-step procedure in ruling upon a motion by a defendant for judgment at the close of the plaintiff's case (Ill. Rev. Stat. 1985, ch. 110, par. 2—1110). (See *Heller v. Jonathan Investments, Inc.* (1986), 113 Ill. 2d 60, 495 N.E.2d 589; *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43.) The court must first determine whether the plaintiff has made out a *prima facie* case by presenting at least some evidence on every element essential to the underlying cause of action. If a *prima facie* case has not been established, the court should, without more, grant the defendant's motion and enter judgment in the defendant's favor. *Heller v. Jonathan Investments, Inc.* (1986), 113 Ill. 2d 60, 495 N.E.2d 589.

If, however, the plaintiff has made out a *prima facie* case, the trial court, in its role as finder of fact, must then consider the quality of all of the evidence, including any favorable to the defendant, and must pass on the credibility of the witnesses, draw reasonable inferences from the testimony, and generally consider the weight of the evidence. (*Heller v. Jonathan Investments, Inc.* (1986), 113 Ill. 2d 60, 495 N.E.2d 589.) After weighing the quality of the evidence, the court must determine, applying the standard of proof required for the underlying cause, whether sufficient proof remains to establish the plaintiff's *prima facie* case. (*Heller v. Jonathan Investments, Inc.* (1986), 113 Ill. 2d 60, 495 N.E.2d 589.) If the trial court finds that the

plaintiff's evidence is insufficient to satisfy the required burden of proof, then the defendant's motion for judgment should be granted. *Heller v. Jonathan Investments, Inc.* (1986), 113 Ill. 2d 60, 495 N.E.2d 589.

In the instant case the plaintiffs sought to establish a prescriptive easement in the oil lease road running across the defendants' property. In order to do so, the plaintiffs were required to prove that their use of the road was adverse, exclusive, continuous and uninterrupted, under a claim of right, and with knowledge of the owner of the land and without his consent for the statutory period of 20 years. (*Mueller v. Keller* (1960), 18 Ill. 2d 334, 164 N.E.2d 28; *Light v. Steward* (1984), 128 Ill. App. 3d 587, 470 N.E.2d 1180.) While it has been stated that these elements should be clearly and distinctly proved (*Poulos v. F. H. Hill Co.* (1948), 401 Ill. 204, 81 N.E.2d 854; *Monroe v. Shrake* (1941), 376 Ill. 253, 33 N.E.2d 459; *Parker v. Rosenberg* (1925), 317 Ill. 511, 148 N.E. 269), it is generally held that the facts to admit of the presumption of prescriptive easement must be established by the greater weight of the evidence (*Petersen v. Corrubia* (1961), 21 Ill. 2d 525, 173 N.E.2d 499; *Leesch v. Krause* (1946), 393 Ill. 124, 65 N.E.2d 370; see *Parker v. Rosenberg* (1925), 317 Ill. 511, 148 N.E. 269).

With regard to the element of exclusivity at issue in this appeal, it is settled that exclusive use does not mean that no one may or does use the way in question except the claimant of the easement. Rather, it means that the claimant's right to use the way does not depend upon a like right in others. (*Petersen v. Corrubia* (1961), 21 Ill. 2d 525, 173 N.E.2d 499; *Light v. Steward* (1984), 128 Ill. App. 3d 587, 470 N.E.2d 1180.) Whether exclusivity has been established is a question of fact, and the trial court's determination should not be disturbed unless against the manifest weight of the evidence. See *Ritter v. Janson* (1967), 80 Ill. App. 2d 169, 224 N.E.2d 277.

In the instant case the trial court specifically found that the plaintiffs had "failed to prove that their use of the oil lease road was not dependent upon a like right of use in another, namely the oil lessee or operator," and that the plaintiffs' use, therefore, was not exclusive as required for prescriptive easement. Based on the evidence presented to the trial court, we cannot say that this ruling was against the manifest weight of the evidence. The plaintiffs, who had the burden of proof as the parties claiming the prescriptive easement (see *Light v. Steward* (1984), 128 Ill. App. 3d 587, 470 N.E.2d 1180), testified that they had used the oil lease road even during periods of time when the oil company was not using the road to service its wells. It

was undisputed, however, that the road had been constructed by the oil companies to service oil wells on the lands of the parties and that the plaintiffs had begun using the road to reach their property only after that time. The plaintiffs conceded that they had performed no maintenance on the road during the period in question. (*Cf. Smith v. Mervis* (1976), 38 Ill. App. 3d 731, 348 N.E.2d 463 (proof that plaintiff had used lane on railroad right-of-way to move farm equipment about 100 times a year for 27 years, that his use was uninterrupted and no one other than he or his employees had used the property during that period, and that he had cleared bushes and shrubbery, improved the lane, and maintained the roadway was sufficient to show that his use was uninterrupted, exclusive, continuous and under a claim of right).) While the plaintiffs presented evidence that they had continued to use the road for two or three years after the oil wells had been shut down, the defendants' evidence showed that the plaintiff had made no objection when defendant Whittington informed him that he planned to tear up the road when the oil people were finished with it. It was the trial court's function to weigh the evidence, and the trial court could reasonably conclude from the evidence that the plaintiffs' right of use depended upon the oil company's use of the road to service its wells. We, therefore, find no error in the court's ruling that the plaintiffs had failed to prove the element of exclusivity.

■ The plaintiffs additionally contend that the trial court applied an incorrect standard of proof in ruling on the sufficiency of the evidence to withstand the defendants' motion. While, as the plaintiffs observe, the court stated that the plaintiffs must "strictly" prove the element of exclusive use and made reference to the plaintiffs' burden of "strict" proof, the court explicitly found that the plaintiffs had not proved this element by a preponderance of the evidence at the close of the plaintiffs' case. The trial court, therefore, properly applied the standard of proof applicable to the underlying case in ruling on the defendants' motion for judgment at the close of the plaintiffs' case. See *Heller v. Jonathan Investments, Inc.* (1986), 113 Ill. 2d 60, 495 N.E.2d 589.

For the reasons stated, we affirm the judgment of the circuit court of Franklin County.

Affirmed.

KARNS, P.J., and KASSERMAN, J., concur.