K. JOE PAGE *et al.*, Plaintiffs-Appellees, v. KENNETH BLOOM *et al.*,
Defendants-Appellants (Good Enterprises, Inc., Counterplaintiff-Appellant;
K. Joe Page *et al.*, Counterdefendants-Appellees).

Fifth District   No. 5—90—0448

Opinion filed December 11, 1991.—Rehearing denied January 21, 1992.

Mark J. Ballard, of Campbell, Black, Carnine & Hedin, P.C., of Mt. Vernon, for appellants Mert Thayer, Kathleen Thayer, and Good Enterprises, Inc.

John D. Drew, of Benton, for appellants Kenneth Bloom and Mary Bloom.

Richard O. Hart, of Hart & Hart, of Benton, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiffs, K. Joe Page and Laura A. Page, brought suit requesting a declaratory judgment, a permanent injunction and damages against the defendants, Kenneth Bloom, Mary Bloom, Mert Thayer and Kathleen Thayer, whom they allege obstructed their use of a prescriptive easement over defendants' property. Defendants denied the existence of the easement as well as any damages to plaintiffs as a result of the obstruction. Counterplaintiff, Good Enterprises, Inc., defendant Thayer's corporation, intervened and sought damages for trespass to its real estate by plaintiffs and counterdefendant, George Spotanski. The trial court found that an easement by prescription did exist and that plaintiffs were entitled to a permanent injunction for said easement, and the court awarded damages to plaintiffs for crop losses suffered as a result of defendants' obstruction of the easement. The trial court denied damages to counterplaintiff, Good Enterprises. We affirm.

Joe and Laura Page purchased a 120-acre tract of land in February 1989. This tract was landlocked with no viable means of ingress or egress other than the disputed easement. The alleged easement, in connecting plaintiffs' land with the township road, passed over defendant Bloom's and defendant Thayer's properties respectively. The road had at one time been the main thoroughfare used by the

public in traveling from Perry County to Sesser. Though the origin of the road was uncertain, there was testimony indicating it had existed as early as 1926.

Shortly after purchasing the land, Joe Page and his father-in-law, George Spotanski, called on defendant Mert Thayer to inform him that Joe had bought the land and of their intention to improve the roadway's condition as a means of access to their acreage. At that time Thayer did not object, though at trial there was some dispute as to the extent to which he understood plaintiffs' intended improvements. Page and Spotanski began working on the road April 26, 1989, and used two bulldozers over a period of five days to level and upgrade its condition. They continued their work on May 13, 15, and 17, 1989. Both Thayer and Bloom witnessed to some degree the efforts of Page and Spotanski. In May and June the plaintiffs traversed the road with various farming equipment to plant crops on their tract. On July 11, the two men returned to continue work on the roadway. On July 12, 1989, Mert Thayer filed criminal trespass charges. On July 14, 1989, Spotanksi and Page were again working on the roadway when the defendants notified the sheriff of plaintiffs' presence on their property. Kathleen Thayer confronted Page and Spotanski at which time the two men left the property with their machinery. Sometime in July defendant Bloom constructed a barricade across the entrance to the disputed easement effectively blocking access to the Page property. Due to this obstruction, Joe Page was not able to harvest his crops on the 120 acres until October 28 and 29, 1989. According to the plaintiffs, this delay caused the soy bean crop to be very dry, resulting in losses due to dryness and shattering.

On October 30, 1989, the court granted plaintiffs' motion for a preliminary injunction. After subsequent hearings on January 24, February 5, and March 5, 1990, the circuit court entered judgment for the plaintiffs declaring a 40-foot-wide easement by prescription across the defendants' property in favor of the plaintiffs and awarding them $3,703.77 in damages due to crop loss. The court denied damages to the counterplaintiff, Good Enterprises, on its claim for alleged trespass by plaintiffs.

■ In order to establish an easement by prescription, a claimant must establish that the use of the land was adverse, exclusive, continuous and uninterrupted, and under a claim of right for a period of at least 20 years. (*Petersen v. Corrubia* (1961), 21 Ill. 2d 525, 531, 173 N.E.2d 499, 502; *Seiber v. Lee* (1987), 158 Ill. App. 3d 361, 368, 511 N.E.2d 1296, 1301.) The circuit court found that the use of the road in question had been adverse from 1926 up to and including the

present time. The court also found that the road had been used, from 1947 up to the present, across the property of defendant Thayer as a means of access to the 120 acres owned by the plaintiffs and from at least 1965 to the present across the property of the defendant Bloom. The court held that usage had been exclusive and uninterrupted as to each of the defendants for over 20 years. The court further found that the use during the period of prescription had been open and notorious and with the knowledge of the present owners of the servient estates, but without their permission.

■ Numerous witnesses testified that the road in question had been used by the public at least since 1926 and by successive farmers since 1965 in order to farm the landlocked 120 acres. This use, according to various witnesses, was known to the owners of the land over which the "easement" passed. No barriers other than gates or gaps to contain livestock were ever erected, and frequent passage was without the landowner's permission. To show adverse use, the use must be with the knowledge and acquiescence of the owner, but without his permission. (*Light v. Steward* (1984), 128 Ill. App. 3d 587, 591, 470 N.E.2d 1180, 1184.) Mr. Clarence Jones, 81 years old at the time of the hearing, testified that he had used the road all of his life and had never asked for permission. Jones' testimony was corroborated by other witnesses as well. The only testimony to the contrary was from Mrs. Ruth Carson, whose husband had once owned the servient land. Mrs. Carson claimed that use of the road had been permissive; however, she conceded that she had never personally given her permission to use the road and that people did not get permission each time they used the alleged easement. Ruth Carson sold the servient land to defendant Thayer in 1967 and could not testify as to its use beyond that point. Mrs. Carson also testified the roadway had been used by successive farmers to obtain access to the landlocked 120 acres over the years.

■ Whether there was adverse use of a way under claim of right for a period of 20 years or whether the use of the way was permissive is almost wholly a question of fact. (*Corrubia*, 21 Ill. 2d at 532, 173 N.E.2d at 502.) As such, where the testimony is conflicting in a bench trial, the court's findings of fact will not be disturbed unless they are against the manifest weight of the evidence. (*In re Application of County Treasurer* (1989), 131 Ill. 2d 541, 549, 546 N.E.2d 506, 510.) The bulk of the testimony tends to indicate that use of the roadway was with the knowledge and acquiescence of the servient owners, but without their permission, and as such was adverse. (*Light*, 128 Ill. App. 3d at 591, 470 N.E.2d at 1184.) The testimony also tends to

show that use was exclusive. Exclusivity does not require a showing that only the claimant made use of the way, but that the claimant's right to use the lane does not depend upon a like right in others. (*Light*, 128 Ill. App. 3d at 594, 470 N.E.2d at 1186.) The plaintiffs presented evidence that their use of the easement for farming was not dependent upon any other's right to use the road in question. Their evidence also tended to establish that the use of the land was adverse, exclusive, continuous and uninterrupted, and under a claim of right for a period of at least 20 years. The finding of the trial court that the plaintiffs have a right to a prescriptive easement was not against the manifest weight of the evidence and thus will not be disturbed. *Anderson v. Super* (1963), 28 Ill. 2d 319, 192 N.E.2d 339.

■ Defendants allege that even if a prescriptive easement existed, it has ceased to exist due to nonuse. There was ample testimony to suggest that the road had been used regularly by the public since 1926 and by successive farmers to gain access to the landlocked 120 acres since at least 1965. The fact that usage may have been somewhat seasonal is not inconsistent with the primary purpose for the easement, that is, farming the benefited land. Defendants have failed to present any evidence demonstrating nonuse of the easement constituting abandonment. The determination of whether or not there has been abandonment is within the discretion of the trial court and will not be reversed on review unless it is against the manifest weight of the evidence. *Flower v. Valentine* (1985), 135 Ill. App. 3d 1034, 1039, 482 N.E.2d 682, 687.

■ Defendants also claim that the trial court abused its discretion in declaring the easement to be 50 feet wide. The record shows, however, that the court declared a 40-foot-wide easement and that the weight of the testimony indicated the roadway to have been between 40 and 43 feet wide generally. Defendants allege plaintiffs have inexcusably enlarged the easement in their efforts to improve its condition. An easement by prescription carries with it the right to do whatever is reasonably necessary for the reasonable use of it for the purpose for which it was acquired. The owner of the easement must be allowed to do such things in the way of repairs as to make the easement reasonably usable. (*Sell v. Finke* (1920), 295 Ill. 470, 479, 129 N.E. 90, 93.) By grading and improving the condition of the easement the plaintiffs were within their rights to do what was reasonably necessary to allow for the reasonable usage of the easement for the purpose for which it was acquired, namely the transportation of farming machinery and equipment to farm the landlocked acreage. The owner of an easement has not only the right but the duty to keep the

easement in repair. (*Flower*, 135 Ill. App. 3d at 1039, 482 N.E.2d at 687.) We find the trial court's declaration of a 40-foot-wide easement was not contrary to the manifest weight of the evidence and should not be disturbed. *In re Application of County Treasurer*, 131 Ill. 2d at 548, 546 N.E.2d at 510.

■ Defendants argue that plaintiffs are not entitled to the equitable remedy of a permanent injunction to enforce the prescriptive easement. A court may grant such relief as it deems equitable, and the granting or denying of injunctive relief is a discretionary ruling by a circuit court. Absent an abuse of discretion such a ruling will not be overturned upon review. (*Schnuck Markets, Inc. v. Soffer* (1991), 213 Ill. App. 3d 957, 974, 572 N.E.2d 1169, 1182.) Considering the evidence of the barricade constructed by defendant Bloom which prevented plaintiff from timely harvesting his crops, an injunction to prevent a repetition of such action was not an abuse of the circuit court's discretion.

Finally, defendants contend that the circuit court erred by awarding damages to plaintiffs and denying them to counterplaintiff, Good Enterprises. A reviewing court will not disturb a trial court's finding as to damages unless it is against the manifest weight of the evidence. (*Dale v. Luhr Brothers, Inc.* (1987), 158 Ill. App. 3d 402, 410, 511 N.E.2d 933, 937.) In the instant case, both Joe Page and Keith Morhet, a local farmer and seed salesman, testified as to the damages which were caused by the defendants' obstruction of the easement. While defendants challenge the credibility of this evidence, no evidence to the contrary was offered. Counterclaimant's, Good Enterprises', claim for damages was primarily based on the assumption that no easement existed. The court found a prescriptive easement to exist and denied Good Enterprises' claim. The findings of the trial court as to damages are not contrary to the manifest weight of the evidence and as such will not be disturbed.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

HOWERTON and HARRISON, JJ., concur.